STATE EX REL. RILEY, RELATOR, *v.* WESTON, COUNTY CLERK, RESPONDENT.

(No. 2,108.)

(Submitted October 12, 1904.  Decided October 13, 1904.)

*Appearance—Premature Action—Waiver of Objection—Elections—Right to Place on Official Ballot.*

1.  An objection that the proceeding is prematurely brought is waived by counsel of respondent appearing and asking that the rights of the parties be adjudicated.
2.  Where there were contending factions of the democratic party in a certain county, and the state convention admitted the delegates of both factions into the convention, and gave to each delegation the right to cast one-half the vote of such county, but no nominations had been made at the time the state convention was held by either of such county factions, the state convention, while it had the power to admit both contesting delegations, could not lawfully decide in advance that the nominees at subsequent conventions of either faction should be considered the regular nominees of the democratic party of such county, and entitled to have their names on the official ballot as "democratic."
3.  Session Laws 1901, amending the election law to the extent of removing the circle from the head of each ticket, thereby preventing a voter from voting a straight ticket by marking in the circle, in no wise amends the rule that only one ticket shall appear on a ballot under a particular party designation.
4.  The county committee of a political party duly called a convention at a certain time and place. The convention regularly organized, and placed in nomination candidates. A contesting delegation claimed that they were excluded from participation in the convention, and thereupon nominated certain other nominees, which they claimed were entitled to the party designation on the official ballot. The county convention was regularly called to order, and opportunity given to contestants to present their credentials. The contesting delegates made no attempt to be admitted by presenting their credentials, but proceeded to organize another convention. *Held,* that the nominees of the independent convention were not entitled to have their names placed on the official ballot instead of the nominees of the regular convention.

ORIGINAL proceedings in the name of the state on the relation of James M. Riley for *mandamus* against John Weston, county clerk.   Judgment for relator.

STATEMENT OF THE CASE BY JUDGE E. K. CHEADLE.

Petition for writ of *mandamus*.   At the county convention of the Democratic party of Silver Bow county, held in Butte on the 28th and 29th days of September, A. D. 1902, a Democratic county central committee was chosen, to which the organization and management of the Democratic party were intrusted by the said convention, in accordance with the custom and practice of political parties.   On the 17th day of August, 1904, the said county central committee met and issued a call to the Democratic electors of Silver Bow county, Montana, for a primary election to be held in the different precincts in said county for the pur-

pose of selecting delegates to assemble in county convention on the 12th day of September, 1904, for the purpose of electing delegates to the state convention of the Democratic party, which was to be held in the city of Helena, Montana, on the 14th day of September, 1904, and of nominating a Democratic ticket for Silver Bow county, composed of Democratic candidates for the various county and township offices, to be voted for by the said electors at the ensuing general election on the 8th day of November, 1904. In pursuance of said call the Democratic electors of Silver Bow county lawfully assembled at primary meetings and elected delegates from each of the respective precincts of the said county to the Democratic county convention to be held on the 12th day of September, 1904. On the 12th day of September, 1904, pursuant to the call of the Democratic county central committee, the persons selected as delegates to the said convention assembled in the Auditorium of the city of Butte for the purpose of holding a Democratic county convention and carrying out the objects for which the convention had been called, as specified in the aforesaid call of the committee.

It appears that the said Democratic convention of Silver Bow county was called to convene at 12 o'clock noon of the 12th day of September, and that before the hour of convening arrived the Auditorium was filled with a crowd of persons composed of some of those who afterwards sat in the Walsworth convention, some who sat in the Walker convention, and many spectators; that in the crowd so assmbled in the Auditorium there were many persons claiming to be delegates and alternate delegates from various precincts in Silver Bow county; that from some of these precincts there were two conflicting sets of delegates and alternates, each claiming the right to sit in the said Democratic convention; that the county central committee had engaged the Auditorium from the city of Butte for holding the said convention, and such committee, desiring the use of the Auditorium in which to hold an executive session of the committee prior to the opening of the convention, asked all present to leave the room, and, this request being ignored, the central committee made a

demand upon the Honorable Patrick Mullins, mayor of the city of Butte, that the hall be cleared, and that the committee be put in possession of the same; that thereupon the mayor, assisted by a body of police, cleared the Auditorium of all persons except the county central committee, and put such committee in possession; that in clearing the hall no distinction whatever was made between those who afterwards sat in the Walsworth convention and those who sat in the Walker convention, but all alike were excluded, together with the spectators; that thereupon a portion of the persons claiming to be delegates and alternate delegates from certain precincts of Silver Bow county departed from the Auditorium, went to the courthouse, and then to the Family Theater in the city of Butte, and proceeded to organize and assemble in convention; that these persons made no further effort to gain admission to the convention called to assemble at the Auditorium by presentation of credentials from their respective precincts or otherwise; that the county central committee caused the Auditorium to be opened for the admission of all those persons claiming to be delegates and alternate delegates from the various precincts of Silver Bow county, and proceeded to effect a temporary organization of the Democratic county convention upon a temporary roll call compiled by the county central committee from the returns of the primary elections held in the various precincts of Silver Bow county; that in the regular course of procedure the said county convention was permanently organized, and delegates and alternate delegates elected to the state convention to be held on the 14th day of September, 1904. This convention will be designated as the "Walsworth Convention," from the name of its chairman.

The persons who met at the Family Theater, claiming to be delegates and alternate delegates from certain of the precincts of Silver Bow county, organized as a convention, and also selected delegates to the Democratic state convention to be held at Helena, as aforesaid. This convention will be designated as the "Walker Convention," from the name of its chairman.

After the Walsworth convention had selected its delegation to the state convention, it was regularly adjourned to reconvene on the 28th day of September, 1904, at noon, in the Auditorium in the city of Butte. In pursuance of said adjournment, it regularly assembled at that time and place. Thereupon the said convention nominated Democratic candidates for the following named offices, to-wit: Twelve members of the house of representatives of the legislative assembly of the state of Montana, two candidates for district judge of the Second judicial district of the state of Montana, one sheriff, one county treasurer, one county attorney, one county clerk and recorder, one county auditor, one county assessor, one county superintendent of schools for Silver Bow county, Montana, and various other county and township offices, to be voted for at the ensuing general election.

After the selection of its delegates to the Democratic state convention, the Walker convention adjourned to meet again at the Family Theater in the city of Butte on the 24th day of September, 1904, and nominated candidates for the same offices as those for which nominations were made by the Walsworth convention.

Both the Walsworth and the Walker delegates sought admission to the Democratic state convention held at Helena on September 14th, and by the action of the said convention each of the said delegations was admitted to the said convention, and empowered to cast one-half the vote to which Silver Bow county was entitled. It further appears that the state convention took no further action toward determining which of the contesting delegations was entitled to represent Silver Bow county in the said convention.

It appears that one James M. Riley was nominated by the Walsworth convention as the Democratic candidate for the office of sheriff of Silver Bow county, and that after the nominations were made the said convention adjourned and subsequently, to-wit, on the 30th day of September, 1904, W. W. Walsworth, the chairman and presiding officer of said convention, and Harry

Ayleshire, secretary thereof, duly prepared a certificate of nomination, and caused it to be presented to the respondent, John Weston, clerk and recorder of the county of Silver Bow, Montana, to be filed in the office of the county clerk and recorder of said county as the certificate of nomination of the Democratic party of the county of Silver Bow, in order that the names of the persons appearing in said certificate as candidates might be lawfully and regularly placed upon the official ballot by said respondent in the column thereon headed "Democratic"; that the respondent declined to file the said certificate, and stated that he would not file the said certificate, and would not place the names of the persons appearing thereon as candidates for the various county offices upon the official ballot as such candidates in the column headed "Democratic."

It appears that the relator and all other candidates named both by the Walsworth and by the Walker convention are possessed of the necessary legal qualifications for holding the offices for which they are respectively nominated.

The relator, on behalf of himeslf and the other nominees of the Walsworth convention, prays that a writ of this court issue requiring the respondent to file the said nomination and to place the names of the said candidates upon the official ballot in the column thereon marked "Democratic."

The nominees of the Walker convention, appearing in open court, ask that the respondent be required also to place the names of the nominees of the Walker convention upon the official ballot in the column thereon marked "Democratic."

*Mr. W. M. Bickford, Mr. George F. Shelton,* and *Mr. C. F. Kelley,* for Relator.

*Mr. John J. McHatton, Mr. I. G. Denny,* and *Mr. J. E. Healy,* for Respondent.

HON. E. K. CHEADLE, Judge of the Tenth judicial district, sitting in the place of the CHIEF JUSTICE, delivered the opinion of the court.

At the hearing of this cause counsel for the respondent first objected to the admission of any testimony, upon the ground that the proceeding was prematurely brought. This objection was overruled by the court *pro forma,* and the taking of testimony proceeded. Subsequently, and before the final ruling of the court upon the objection, counsel for the nominees of the so-called "Walker ticket" appeared in open court, and asked that their clients, the said nominees, be permitted to appear in this proceeding, and that their rights be adjudicated. This request was granted by the court, all parties consenting, whereupon the said nominees appeared by their counsel, and participated in the examination of the witnesses of relator, and introduced witnesses to testify on their own behalf. This action of the so-called "Walker nominees" is held by the court to be, in effect, a waiver of the objection that this proceeding is prematurely brought, and a ruling upon the said objection is therefore reserved by the court.

There is no material contradiction in the testimony. The pleadings of the respective parties, the admissions of respective counsel, and the evidence leave substantially but one question to be decided by this court, to-wit: Was the so-called "Walsworth convention" or was the so-called "Walker convention" the regular convention of the Democratic party of Silver Bow county, duly organized and legally empowered to nominate candidates for such offices as it was within the powers of that convention to make under the regular Democratic party designation?

It is the contention of the relator that the Walsworth convention was the regular party convention of the Democratic party, and that its nominees should be placed upon the official ballot in the column thereon designated "Democratic," and that the nominees of the Walker convention should be entirely excluded therefrom. It is the contention of counsel for the Walker nominees that both tickets should be placed upon the official ballot in separate columns, each of which should be entitled "Democratic." The respondent, Weston, took the position that he did

not know which certificate he should receive, or the names of which nominees he should place upon the official ballot, and therefore declined to take any action in the matter until directed by this court.

It is urged by counsel for the Walker nominees that, inasmuch as the state convention admitted the delegates both of the Walsworth and of the Walker convention to seats in the state convention, and gave to each delegation the right to cast one-half the vote of Silver Bow county in the state convention, the action of the state convention was a recognition of both factions, and entitles each convention to be considered as a regular Democratic convention of the party in Silver Bow county, and that because of this recognition and the implied regularity of both conventions the nominees of each convention are entitled to be placed upon the ticket.

The state convention had the power for its own purposes to recognize either or both of the contending factions. No nominations had been made by either the Walsworth or by the Walker convention at the time that the state convention was held, and consequently there were no individual rights of nominees for the offices for which nominations might be made by a county convention to be affected by the action of the state convention. If the state convention had held that either the Walsworth or the Walker delegates were solely entitled to represent the Democratic party of Silver Bow county in the state convention, the question presented to this court would be a different one. However, while the state convention had the power to admit both the contesting delegations to seats in its body and to a participation in its proceedings, it could not lawfully decide in advance, or at all, that the nominees of each of the so-called conventions should be considered the regular nominees of the Democratic party of Silver Bow county, and entitled to have their names placed upon the official ballot in columns designated as "Democratic." This court has heretofore held in *State ex rel. Kennedy* v. *Martin,* 24 Mont. 403, 62 Pac. 588, that only one ticket shall appear

upon a ballot under a particular party designation. This case was decided October 22, 1900. The Session Laws of 1901 (page 117) amend the law as it existed at the time of the above decision only to the extent of removing the circle from the head of each ticket, thereby preventing a voter from voting his straight ticket by marking in the circle. The court is of the opinion that this amendment in no wise changes the rule announced in the *Martin Case*, above. It follows that there can be but one democratic ticket printed upon the official ballot.

Thus there remains but one question for determination by this court: Was the ticket nominated by the so-called Walsworth convention nominated by a convention duly constituted and organized under the regularly constituted authority or party organization of the Democratic party of Silver Bow county? There is no question but that the Democratic county central committee of Silver Bow county had the authority to issue a call for primary elections of delegates to a county convention. It is undisputed that this convention assembled at the time and place designated in the call of the central committee, that it proceeded regularly to organize, and that upon such organization being completed it placed in nomination the candidates composing the so-called Walsworth ticket. The sole claim of the so-called Walker nominess is that delegates alleged to have been chosen from certain precincts in Silver Bow county were excluded from participation in the convention. The evidence clearly shows, however, that after the Auditorium, which was a place owned and controlled by the city, was cleared by the mayor of Butte at the request of the central committee through its chairman, the convention was regularly called to order, and that there was opportunity for all claiming to be delegates to present their credentials to the regularly appointed committee of the convention. By the admission of counsel for the Walker nominees, the contesting delegates made no attempts to be admitted into the convention by presenting their credentials to the proper committee or otherwise, but immediately upon the clearing of the Auditorium proceeded to the courthouse, and

then to the Family Theater, in the city of Butte, and there proceeded to organize another convention.

Under these circumstances it appears clearly to the court that the so-called Walsworth convention was in fact the regularly constituted and organized convention of the Democratic party of Silver Bow county, and duly empowered to nominate candidates for the offices for which it made nominations, and that the so-called Walker convention was in no sense entitled to be considered as a regular and legal convention of the Democratic party.

For these reasons the peremptory writ of *mandamus* was ordered to be issued on the 13th day of October, 1904.

*Writ issued.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.